## J. S. McDONALD v. THOS. LIGGETT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1891—Decided January 4, 1892.

(*a*) The plaintiff procured an oil lease to be executed to the defendant, for
doing which he was to have an interest in the lease, or be paid $200 for
his services. The defendant neither assigned the interest, nor paid the
$200, but forfeited the lease by non-development:

1. In such case, the defendant failing to exercise his option either to assign
the interest or to pay the money specified, the plaintiff was entitled to a
compensation for his services fairly determinable by the amount fixed
by the defendant himself in his agreement

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 194 October Term 1891, Sup. Ct.; court below, No. 402
June Term 1890, C. P. No. 1.

On April 19, 1890, an appeal was entered from the judgment
of an alderman in favor of J. Sharp McDonald against Thomas
Liggett. Issue.

At the trial, on July 15, 1890, the plaintiff proved that at
the defendant's instance and request he had procured a certain
oil lease to be made to the defendant, and gave in evidence the
following letter:

"PITTSBURGH, Pa., July 25, 1889.

"J. SHARP McDONALD, ESQ.:

"Dear sir : Enclosed find lease filled out, except as to names
of first party and description of property. Since seeing you, I
have seen one of my parties. He is going away Saturday, and
if it is at all possible I would like to get the matter closed up
before that time, so as to catch him before he goes.

"Please use every effort to get it put into shape by that
time. My understanding with you is, if I get the lease, to carry
you one eighth interest in the drilling of the first well and as-
sign you one eighth of lease, or I may take the interest my-
self by paying you two hundred dollars for getting lease.
Let me hear from you soon.

"Respectfully, THOS. LIGGETT."

Charge of Court below.

Other facts in evidence appear in the charge of the court below, SLAGLE, J., as follows:

[This is an action brought to recover two hundred dollars alleged to be due by Mr. Liggett to J. Sharp McDonald, for services in procuring an oil lease for Mr. Liggett. The action is brought for two hundred dollars upon an alleged contract to pay two hundred dollars, and the plaintiff must recover upon that or not at all. He sets forth the whole circumstances attending it. Mr. McDonald alleges that, some time prior to July 25, 1889, Mr. Liggett had negotiated with him in reference to procuring an oil lease from the Big Sewickley Oil Co., and that Mr. Liggett agreed to give him one eighth interest in the lease, and to carry for him a one eighth interest in the first well, or give him two hundred dollars. Mr. Liggett says that that was the arrangement that was made, but that it was conditional upon Mr. Liggett's getting a party to go with him to take the lease. Mr. McDonald says there was no such understanding; that he was dealing with Mr. Liggett; that, although he understood Mr. Liggett expected to get other parties with him, there was no condition that he should have that perfected; that he undertook to get a lease for Mr. Liggett, who expected other parties to go in with him.

That was the preliminary arrangement; but I think that question is settled, possibly, and in favor of McDonald's view of it, by the letter that was written by Mr. Liggett. When persons put their contracts or their assertions in writing, that is to be taken, unless there is a clear mistake or a fraud shown. When parties have talked together about a transaction, it does not matter much what the different negotiations have been, when they come to put it in writing, that is presumed to be the final determination in reference to it. In this letter by Mr. Liggett, which has been read to you two or three times, he refers to some parties, but he speaks of the lease being made to him, as it was subsequently made by his own directions. In that paper he also states what their understanding was as to compensation: " My understanding with you is, if I get the lease I agree to carry you one eighth interest in the drilling of the first well." As I understand that, Mr. McDonald was not to put up any money for the drilling of the first well, but Mr. Liggett would advance it, carry it for him, until it was paid out of the well prob-

### Charge of Court below.

ably ; and then he was to give him one eighth of the lease. As to any further operations, I suppose Mr. McDonald would have been bound to put up his one eighth of the expenses. " Or, I may take the interest myself by paying you two hundred dollars for getting the lease." This indicates what compensation Mr. McDonald was to get for obtaining this lease ; it was either to be a one eighth interest in this well, or it was to be two hundred dollars.

It appears, however, that this lease had a clause in it by which the well was to be sunk within sixty days, or otherwise it was to be forfeited. That was to be sunk by the party who leased, Mr. Liggett. It is now claimed that because he did not sink that well, and because Mr. McDonald did not demand an assignment of the lease, which had been forfeited, therefore he is not entitled to the compensation of two hundred dollars. Well, the two hundred dollars may be an option of Mr. Liggett, but there being a failure to make that lease valuable, Mr. McDonald, having performed the services he agreed to perform, was entitled to compensation. If Mr. Liggett did not choose to make the one eighth interest a valuable compensation, and did not choose to pay the two hundred dollars, he could not for that reason deprive Mr. McDonald of compensation. He was entitled to something for his services because he performed the work and got the lease, if you believe Mr. McDonald's statement as to what occurred at the time that the lease was signed ; and perhaps anyway, because, at the time that that conversation is alleged to have taken place, all of Mr. McDonald's work had been done, and I doubt very much if Mr. Liggett could have said, " I wont take the lease now, after you have got it for me," and refuse to pay for it ; because the plaintiff had done the work he agreed to do.

There is nothing in this paper which limits the right to compensation by getting it before the Saturday mentioned in the paper ; it is simply " get it if you can before Saturday," and I think he would be entitled to compensation with or without this contract. Therefore, what occurred there as related by Mr. Liggett and Mr. Say, it seems to me, would not deprive Mr. McDonald of his right to compensation for obtaining the lease. But, if Mr. McDonald is correct, and I think he is not contradicted particularly as to that, he says, when he came there

Charge of Court below.

Mr. Liggett took the lease, signed it, gave him a copy and kept a copy himself, and he went away and there was nothing more said. Mr. Liggett and Mr. Say say that Mr. Liggett said he thought he might have some difficulty about it, that some of the parties had gone away; and that Mr. McDonald said, " Well, you had better take the lease anyway, and do the best you can with it." But there is nothing in that that would interfere with his right to compensation, because, as I say, he had accomplished his work, done what he had agreed to do, and he was entitled to be paid.] [3]

Now, I do not think that it is necessary to hold that under this agreement the plaintiff was entitled to his two hundred dollars. As I say, he was entitled at all events to compensation, and if they fixed two hundred dollars as a fair compensation, without regard to the terms of the contract itself, if you believe that that was a fair compensation, then he would be entitled to receive it under this contract. But there is further testimony in relation to that. Mr. McDonald says that, in September, 1889, he went to Mr. Liggett and demanded his two hundred dollars. Mr. Liggett himself admits that he demanded the two hundred dollars due him under this contract, as compensation for obtaining this lease. He says that he first thought Mr. McDonald referred to the Big Sewickley Oil Co.'s two hundred dollars, but that Mr. McDonald said, "No, it is my own two hundred dollars I am after." He says that he told him he would pay him if he was liable; but Mr. McDonald says he told him he need not be bothered about it, he couldn't pay it just then, but he would get his money. Mr. Staib says that he said, " You needn't be afraid about your money, that is all right," or something to that effect. There is not any great difference between these parties in that respect. [If Mr. Liggett said " I will pay you if I am liable," he did not dispute the amount; and I say to you that under this agreement, and under the whole testimony in the case, he was entitled to compensation; and especially if that two hundred dollars was a fair compensation, the one that is agreed upon, the plaintiff would be entitled to his money.] [2]

The defendant requests the court to charge :

1. That under all the evidence, the plaintiff cannot recover in this case.

Answer: Refused.[1]

—The jury returned a verdict for the plaintiff for $218.70. Judgment having been entered, the defendant took this appeal, assigning for error:

1. The refusal of the defendant's point.[1]

2, 3. The portions of the charge embraced in [ ][2] [3]

*Mr. Marcus A. Woodward*, for the appellant.

*Mr. J. S. Ferguson* (with him *Mr. E. G. Ferguson*), for the appellee.

OPINION, Mr. CHIEF JUSTICE PAXSON:

The amount in controversy here is small, and the principle involved is of even less importance. It is a mere matter whether the plaintiff shall be paid for his services in procuring an oil lease for the defendant. That compensation was in the mind of the parties at the time the services were performed, is plain from the letter of the defendant to the plaintiff in which he said: "My understanding with you is, if I get the lease, to carry you one eighth interest in the drilling of the first well, and assign you one eighth of lease; or, I may take the interest myself by paying you two hundred dollars for getting lease." McDonald procured the lease for the defendant. The latter did nothing under it; did not assign to plaintiff one eighth interest in it, and did not pay the two hundred dollars. It is clear, from the letter referred to, the defendant had the option to give plaintiff an eighth interest, or to keep the whole and pay two hundred dollars for procuring the lease. He has not done the one or the other. We think, under the circumstances, the plaintiff was entitled to compensation for his services; and, as their value was fixed by the defendant himself, he has no just cause to complain of the result. Nearly the entire charge of the court was assigned as error, but we are of opinion the jury were properly instructed.

Judgment affirmed.